IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01464-WDM-MEH

FLOYD LEE,

    Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA, *et al.*,

    Defendants.

## ORDER GRANTING MOTION FOR LEAVE TO AMEND

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Plaintiff has filed a Motion for Leave to File Amended Complaint (Docket #15) ("Motion to Amend"). This motion has been referred to this Court by District Judge Miller (Docket #16). Defendants have filed their response and Plaintiff his reply. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion to Amend.

**I.   Facts**

In this case, Plaintiff claims wrongful termination of his disability benefits under a long-term disability policy provided by his prior employer, United Technologies Corporation ("UTC") pursuant to the Group Life Insurance and Disability Plan of UTC ("the Plan"). Plaintiff contends that he requested all plan documents from UTC, as administrator of the Plan, but that UTC has failed to provide the required documentation. Therefore, Plaintiff seeks to add UTC as a party to this action and to add a claim for penalties under ERISA against UTC for its failure to timely provide plan documents. Defendants oppose the amendment, arguing that the amendments are futile and therefore should be denied.

## II.     Discussion

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Fed.R.Civ.P. 15(a). Once a responsive pleading is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *Id.; Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see Foman,* 371 U.S. at 182.

Defendants assert that the amendments proposed by the Plaintiff would be futile. In this regard, the Court of Appeals for the Tenth Circuit has opined:

> A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. . . . The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim.

*Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). Defendants argue that under Tenth Circuit and other law, court have declined to impose penalties for a failure to provide documentation when the claimant fails to show prejudice or bad faith, and that the district court has discretion to grant or deny such relief. Defendants contend that Plaintiff has not alleged sufficient prejudice or bad faith. As pointed out by the Plaintiff, however, the Defendants have not demonstrated that it appears

beyond doubt that he would be unable to prove any set of facts entitling him to relief under his theory of recovery, which is the standard to be met in this regard. Additionally, the Plaintiff points out that these Defendants may not have standing to raise the arguments they have, because he has not asserted a claim for penalties in this regard against them. Accordingly, based upon the record before the Court, the underlying facts or circumstances relied upon by the Plaintiff may be a proper subject of relief, and therefore, he ought to be afforded an opportunity to test his allegations in this lawsuit.

### III.    Conclusion

Accordingly, for the reason stated above, it is hereby **ORDERED** that the Plaintiff's Motion for Leave to File Amended Complaint [Filed November 7, 2006; Docket #15] is **granted**.

On or before December 27, 2006, the Plaintiff shall file his First Amended Complaint with the office of the Clerk of this Court in accordance with the District of Colorado Electronic Case Filing ("ECF") Procedures. Plaintiff's First Amended Complaint shall be in the same format and substance of that which was tendered with Plaintiff's Motion for Leave to File Amended Complaint on November 7, 2006.

Dated at Denver, Colorado, this 22nd day of December, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge